UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH MANUEL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 20-cv-3012-JBM |
| | ) |
| DOUGLAS SIMMONS, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and no longer in custody, filed this § 1983 action while incarcerated at the Jacksonville Correctional Center ("Jacksonville"). Plaintiff alleged that Jacksonville staff restricted his access to the courts, rendering him unable to pursue the appeal of an Illinois state court judgment. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

This controversy stems from an otherwise unrelated civil lawsuit Plaintiff had filed against the Illinois Department of Corrections ("IDOC") in Illinois state court. On February 27, 2018, the case was dismissed for undisclosed reasons. Plaintiff had until March 30, 2018 in which to appeal the dismissal and, on March 22, 2018, placed a Notice of Appeal in the

Jacksonville outgoing mail. Plaintiff alleges that mailroom staff members, Ms. Gabbert and Officer Edmondson, did not mail the Notice as his prison account did not have sufficient funds to cover the postage. Plaintiff was told of this the following day, March 23, 2018.

While Plaintiff does not claim that he subsequently filed a Notice of Appeal, this may be presumed as, on March 30, 2018, the Fifth District Appellate Court gave him 14 days to respond to a Rule to Show Cause. The Appellate Court advised that the appeal would otherwise be dismissed for failure to comply with Supreme Court rules, not otherwise identified. Plaintiff does not reveal in what way the Notice was insufficient or how he attempted to cure it. On April 10, 2018, he drafted a response which, along with supporting documents, was placed in the institutional mail. Plaintiff alleges that on an unidentified date, he learned that the mailroom staff had not sent the response. On April 23, 2018, the Appellate Court dismissed the appeal, leaving Plaintiff without further recourse.

Plaintiff asserts that the actions of unidentified mailroom staff effectively precluded his presenting his claims on appeal. He asserts, further, that mailroom staff had "sabotaged" his legal mail on another occasion. This was on March 26, 2018, when staff "purposefully" delayed mailing Plaintiff's appeal of a denied grievance to the Administrative Review Board, rendering the appeal untimely. Plaintiff claims that this has happened to others as well, providing the affidavit of an inmate who alleges that his ongoing claims were hampered when unidentified mailroom staff delayed the mailing of his legal documents.

Plaintiff names Ms. Gabbert, Officer Edmondson and two John Doe members of the mailroom staff. He also alleges without pleading facts in support, that "upon information and belief," Defendant Warden Simmons had promoted or allowed the widespread practice of unlawfully delaying and refusing to send outgoing legal mail.

## ANALYSIS

Inmates have a protected First Amendment right to both send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Lewis v. Casey*, 518 U.S. 343, 406 (1996). Such a claim will be actionable, however, "only if Plaintiff suffered an 'actual injury' from the inability to pursue a nonfrivolous claim." *Id*. at 351. To support such a claim, plaintiff must identify "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992). This is so as, "[a] right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court…" *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(*abrogated on other grounds as recognized in Parrott v. U.S*., 536 F.3d 629, 635 (7th Cir. 2008)).

A fair reading of the complaint indicates that Plaintiff was, in fact, able to timely file a Notice of Appeal as to the state court judgment. As a result, Plaintiff would have no actionable claim for the alleged failure of Defendants Gabbert and Edmundson to mail the Notice on March 22, 2018, as this did not cause him detriment. *See Shango*, 965 F.2d at 291. Plaintiff's opportunity to further his appeal may have been lost, however, when his Appellate Court response was not mailed on April 10, 2018. Plaintiff does not, however, identify any Defendant whom he holds responsible for this failure.

In addition, Plaintiff offers nothing to establish that the state law case and subsequent appeal involved a nonfrivolous claim. Plaintiff does not reveal why the state court dismissed the case or why the Appellate Court filed the Rule to Show Cause. If, for instance, the appeal was

dismissed on jurisdictional grounds, Plaintiff could not have prevailed on appeal even if his response had been timely. As a result, Plaintiff fails to establish that he suffered detriment, so as to state a cognizable claim.

While Plaintiff may not be held to an "onerous fact-pleading" standard, he must identify a "connection between the alleged denial of access to legal [process] and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006). Plaintiff has failed to do so, but will be given an opportunity to amend. Plaintiff is placed on notice that if repleads as to Warden Simmons, he must provide some factual basis to support that the alleged policy was "so widely followed as to represent an official policy for which the [defendant] is liable." *Hare v. County of Kane*, No. 14-1851, 2014 WL 7213198, at *3 (N.D. Ill. Dec. 15, 2014). As Plaintiff's only allegations against Defendants Gabbert and Edmundson involve the delay in mailing the March 22, 2018 Notice of Appeal, an event which caused no detriment, they are DISMISSED.

The Court notes, further, that while Plaintiff names two Doe Defendants, he pleads no allegations against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims, consistent with the instructions given. The pleading is to be

captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendants Gabbert and Edmundson are DISMISSED.

2.  Plaintiff files [5], a motion for recruitment of *pro bono* counsel. Plaintiff encloses two letters he sent to law schools seeking representation, but does not document any attempt to contact licensed, practicing attorneys. The Court does not find that Plaintiff has made a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3.  Plaintiff files [6], requesting that the Clerk send him a file-stamped copy of the complaint. [6] is GRANTED as the Clerk is directed to mail a copy of the complaint to Plaintiff.

4.  The Court notes that Plaintiff is no longer in custody. Plaintiff is, within 30 days, to file an updated IFP petition with the Court. As a courtesy, the Clerk is to send Plaintiff an IFP Form which he may use, should he wish.

  5/13/2020  
ENTERED

      s/ Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE